LAW OFFICES OF STANLEY G. HILTON
Stanley G. Hilton, SBN #65990
2570 North First Street, Suite 200
San Jose, CA 95131
Telephone: (415) 786-4821

Attorney for Plaintiff
MICHAEL ARIKAT AND PASIMA ARIKAT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO)

| | |
|---|---|
| MICHAEL ARIKAT AND PASIMA ARIKAT, | Case No.: |
| Plaintiff, | COMPLAINT FOR MONETARY DAMAGES, INJUNCTIONS AND DECLARATORY RELIEF |
| v. | JURY TRIAL DEMANDED |
| JP MORGAN CHASE & CO.; LOWE'S HIW, INC.; MACY'S DEPARTMENT STORES, INC.; MBNA MARKETING SYSTEMS, INC.; MIDCOAST CREDIT CORP.; DISCOVER FINANCIAL SERVICES, INC.; HOME DEPOT U.S.A., INC.; SEARS, ROEBUCK AND CO.; WELLS FARGO FINANCIAL CALIFORNIA, INC.; FAIR ISAAC CORPORATION; TRANS UNION LLC; EQUIFAX INC.; EXPERIAN SERVICES CORP.; | CLASS ACTION SUIT |
| Defendants. | |

INTRODUCTORY ALLEGATIONS

1. Plaintiffs are citizens of the U.S. and reside in this district.

2. Each cause of action is pled against each and every defendant. Defendants are all companies and/or government entities who operate in this district, and are licensed to do business here.

3. Venue: all acts occurred in this district, so venue here is proper.

1

4. Jurisdiction is based on diversity jurisdiction, 28 U.S.C. §§1331, 1332, because plaintiff and defendants hail from different states, and also on federal statutes, inter alia: Federal Fair Credit Reporting Act 16 U.S.C. §§ 1681, et seq., and the Equal Credit Opportunity Act 15 U.S. Code §§ 1691, et seq. The amount of damages demanded exceeds $ 75,000 and this is thus an unlimited jurisdiction matter.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants were the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

6. The damages demanded exceed $75,000 against each defendant who is culpable.

### FIRST CAUSE OF ACTION: CREDIT LIBEL

7. The allegations of paragraphs 1 through 6 are realleged and incorporated herein by reference.

8. Continuously, from on or about January 1, 2004, to the present, and especially over the past 12 months, plaintiffs were persons who are credit-worthy and who earn a six figure income, but plaintiffs have been defamed by defendants in that they have arbitrarily and discriminatorily published false and defamatory and derogatory "default" and "delinquent" credit reports against plaintiffs in their credit reports. These acts were done despite plaintiffs' repeated challenges and disputes by plaintiffs as to the accuracy of certain charges on their credit accounts. These challenges and disputes were all routinely and blithely ignored by defendants. Specifically, defendants Fair Isaac, Trans Union, Experian and Equifax have used arbitrary and undisclosed criteria to brand plaintiffs un-creditworthy, by giving them a low FICO score, while other far less credit-worthy persons have been given high FICO scores and been allowed higher credit ratings. Defendants have promulgated, published and broadcast their defamatory "low FICO scores" against plaintiffs in numerous credit reports which have been read and heard by third parties, i.e., other creditors, including but not limited to defendants named in this suit. Defendants Fair Isaac, Experian, Trans Union and Equifax have repeatedly published and broadcast false and defamatory, and misleading credit information about plaintiffs, including

2

1  multiple reports of the same debt as, for example, when a creditor reports a debt, then sells it to a
2  collection agency or agencies, and each time it has been sold or written or charged off as a bad
3  debt, the same debt is reported many times and further damages plaintiff's FICO score.  That the
4  FICO criteria are arbitrary, and inaccurate and have damaged plaintiffs in getting credit.
5  Defendants Trans Union, Equifax and Experian are the three major credit bureaus in the country
6  who routinely collect certain selective data from certain selective creditors, or purported
7  creditors, and who use arbitrary criteria – based on arbitrary and discriminatory and unknown
8  standards promulgated by defendant Fair Isaac Corporation, to defame plaintiffs.  Plaintiffs have
9  written repeatedly to defendants and demanded that they correct the erroneous and disputed
10  credit information in the reports, to no avail. Plaintiffs demanded retraction of the defamatory
11  information published, to no avail.  Defendants arbitrarily and discriminatorily published and
12  broadcast information that lowered plaintiff's FICO scores and called him a worse deadbeat, just
13  because of these unsolicited inquiries, by persons known and unknown. This pattern is repeated
14  daily against millions of people in plaintiff's category and class of plaintiff, i.e. borrowers. The
15  credit schemes employed by defendants, above described, amount to "a system of legalized
16  extortion," by which any purported creditor can threaten to "ruin a debtor's credit FICO score"
17  by reporting a debt as delinquent or default, unless the debtor pays the creditor what is
18  demanded.  This amounts to extortion, because the debtor (plaintiff) does not want to see his
19  FICO score lowered, so he ponies up the cash to avoid taking a hit on the credit report. Yet this
20  system has no safeguards, no government watchdog agencies overseeing it, and is being abused
21  by defendants to extort money from debtors such as plaintiff. Because the FICO scoring criteria
22  remain concealed and secret, and because defendants are Kafkaesque "Castle" type entities who
23  do not respond to any complaints plaintiff files with them vis a vis a debt, defendants are
24  operating a system of legalized glorified extortion.  "Your Money or Your Credit!" is the
25  extortion slogan they implement and practice.
26          9.      The above-described conduct by defendants also included slander and libel per
27  se.
28          10.     Plaintiffs notified all defendants of disputes as to certain charges and fee

3

1 assessments.

2     11.    Defendants ignored all disputes and continued to tack on interest and late fees etc. to plaintiffs without answering the disputes or verifying the charges with documents and proof, as required by law.

    12.    As a proximate result of defendants' conduct as explained above, plaintiffs have been damaged financially and emotionally, has suffered emotional distress of anxiety and insomnia and depression, his physical and emotional condition has gotten worse, has suffered pain, has lost income and other benefits, has suffered depression, and has incurred great expenses, and other health, employment and career benefits, as well as lost potential income earning ability, all to his detriment in a sum according to proof.

    13.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages from each defendant in an amount according to proof.

    14.    Because there is no adequate remedy at law, plaintiff will suffer irreparable damage to his credit unless the actions of defendants are enjoined, hence plaintiff demands an injunction requiring all defendants to cease using FICO scores and to remove and delete all deleterious credit information form plaintiff's FICO scores, and to disclose to plaintiff their criteria in detail, for calculating FICO scores.

    WHEREFORE, plaintiff prays for judgment against defendants, as hereinafter set forth.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT

    15.    The allegations of paragraphs 1 through 14 are realleged and incorporated herein by reference.

    16.    In or about February 1, 2004, plaintiffs entered into various and sundry credit agreements with all named defendants, and/or their assignors. These were for credit card and other commercial credit for buying goods and services.

    17.    The written agreements provided that plaintiffs would be billed accurately and would not be charged any additional fees not expressly agreed to.

18. On or about February 1, 2004 and continuously to the present date per annum and per diem, defendants materially breached said loan agreements by arbitrarily, unjustifiably, illegally and discriminatorily increasing the monthly payment for plaintiffs, imposing late fees and other "administrative" and other fees plaintiffs had never agreed to, ignoring plaintiffs' notices of dispute of debts, refused to submit written proof of the debts to plaintiffs on demand, etc.

19. Plaintiffs wrote and sent letters to defendants and demanded that they cease and desist from materially breaching and altering said loan agreements, in vain, so he had to pay the additional monthly payments to save his houses from foreclosure.

20. As a proximate result of said actions by defendants, plaintiffs suffered loss of money and income, emotional distress, etc.

21. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights.  Plaintiff, thus, is entitled to recover punitive damages of  from each defendant  in an amount according to proof.

WHEREFORE, plaintiff prays for judgment against defendants, as hereinafter set forth.

### THIRD CAUSE OF ACTION: FRAUD

22. The allegations of paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. On or about February 1, 2004, defendants made certain misrepresentations to plaintiffs in order to induce them to sign loan and credit agreements. They promised to bill plaintiffs accurately and fairly for actual goods and service purchased, and only on express terms and conditions agreed to *ab initio.*

24. Plaintiffs relied on said statements to their  detriment in that they signed up for the credit cards and charged goods and services, borrowed from defendants and would up being defamed and harassed by collectors.

25. On or about February 1, 2004, defendants reneged on their promises and agreements above stated, by arbitrarily and discriminatorily increasing the monthly amount they

1  required plaintiffs to pay.  And they ignored plaintiffs' dispute of charges. These actions
2  constitute fraud.
3        26.    As a proximate result of the fraud by defendants above described, plaintiffs
4  suffered extreme financial pressure to raise additional monthly funds to pay the excessive
5  payments and  suffered emotional distress, worry, anxiety, etc.
6        27.    Defendants committed the acts alleged herein maliciously, fraudulently and
7  oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive
8  amounting to malice, and in conscious disregard of plaintiff's rights.  Plaintiff, thus, is entitled to
9  recover punitive damages  from each defendant in an amount according to proof.
10       WHEREFORE, plaintiff pray for judgment against defendants, as hereinafter set forth.

## FOURTH CAUSE OF ACTION:

## VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT

### (16 US CODE §§ 1681 ET SEQ.)

14       28.    The allegations of paragraphs 1 through 27 are realleged and incorporated herein
15  by reference.
16       29.    The actions by defendants described above all violate the Federal Fair Credit
17  Reporting Act (16 U.S.C. §§1681, et seq. (hereinafter "FFCR"). The defendants have violated the
18  FFCR by their actions in failing to accurately report credit information, and by reporting false
19  and defamatory credit information against plaintiff, by failing to disclose clear and reasonable
20  criteria for calculating the FICO scores of plaintiffs, by failing to report the fact that plaintiff
21  reported having legitimate bona fide legal disputes over the accuracy and collectability of certain
22  debts, by denying plaintiff credit, re-financing, equity lines of credit and loans, etc., by charging
23  usurious and exorbitant interest rates  — all of this done in violation of the FFCR.  Sections 1681
24  (m), (n) and (o) provide for civil liability by defendants for violating the FFCR.  Defendants
25  willfully and/or negligently violated FFCR.
26       30.    Plaintiff is entitled to an award of attorney fees under FFCR, §1681.
27       31.    As a proximate result of the defendants' violation of this statute above described,
28  plaintiffs suffered damages, including *inter alia,* denial of credit, denial of refinancing of his

property, denial of equity loans, imposition of usuriously high and unconscionable interest rates on loans, loss of income, loss of reputation, and denial of credit.

32. Plaintiffs are entitled to punitive damages against all defendants for this malicious defamation, because the defamation of defendants was intentional, malicious, oppressive, wanton reckless, with reckless disregard for plaintiff's rights.

33. As a further proximate result of defendants' conduct as explained above, plaintiff has been damaged financially and emotionally, has suffered emotional distress of anxiety and insomnia and depression, his physical and emotional condition has gotten worse, he has been denied medical treatment necessary to sustain life and limb, he has been unable to afford necessary services and goods to support his family, he has suffered pain, has lost his income and other benefits, has suffered depression, and has incurred great expenses, and other health, employment and career benefits, as well as lost potential income earning ability, all to his detriment in a sum according to proof.

34. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights. Plaintiff thus is entitled to recover punitive damages of $50 million from each defendant in an amount according to proof.

WHEREFORE, plaintiff pray for judgment against defendants, as hereinafter set forth.

FIFTH CAUSE OF ACTION:

VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

(15 US CODE §§ 1691 ET SEQ.)

35. The allegations of paragraphs 1 through 34 are realleged and incorporated herein by reference.

36. The actions by defendants described above all are a violation of the Equal Credit Opportunity Act, 15 U.S.C. §§1691, et seq., (hereinafter "ECOA"). The defendants have violated the ECOA by their actions in failing to accurately report credit information, and by reporting false and defamatory credit information against plaintiff, by failing to disclose clear and reasonable criteria for calculating the FICO scores of plaintiffs, by failing to report the fact that

plaintiff reported having legitimate bona fide legal disputes over the accuracy and collectability of certain debts, by denying plaintiff credit, re-financing, equity lines of credit and loans, etc, by charging usurious and exorbitant interest rates — all of this done in violation of ECOA which provides for civil liability by defendants for violating the ECOA.  Defendants willfully and/or negligently violated ECOA.

37. Plaintiff is entitled to an award of attorney fees under ECOA,

38. As a proximate result of the actions of defendants above described, in violation of this statute, plaintiff suffered damages, including *inter alia,* denial of credit, denial of refinancing of his property, denial of equity loans, imposition of usuriously high and unconscionable interest rates on his extant loans, loss of income, loss of reputation, and denial of credit.

39. Plaintiffs are entitled to punitive damages against all defendants for this malicious defamation, because the defamation of defendants was intentional, malicious, oppressive, wanton, reckless, with reckless disregard for plaintiff's rights.

40. As a further proximate result of defendants' conduct as explained above, plaintiff has been damaged financially and emotionally, has suffered emotional distress of anxiety and insomnia and depression, and has incurred great expenses, and other health, employment and career benefits, as well as lost potential income earning ability, all to his detriment in a sum according to proof.

WHEREFORE, plaintiff pray for judgment against defendants, as hereinafter set forth.

### SIXTH CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA FAIR DEBT COLLECTIONS PRACTICES ACT

41. The allegations of paragraphs 1 through 40 are realleged and incorporated herein by reference.

42. On or about February 1, 2004 and continuously to the present, defendants have violated the California Fair Debt Collection Practices Act by, *inter alia,* harassing plaintiffs with endless annoying and minatory phone calls, bombarding them with endless letters and minatory notices, calling them at 4:00 a.m. and at night with ceaseless annoying phone calls, excessively.

These were done without just cause and inflicted emotional distress on plaintiffs. Defendants also annoyed plaintiffs by calling them at work, outside their household, etc.  Phone calls have been made, *inter alia,* after business hours, and repeatedly, in such an annoying and harassing manner as to constitute violation of the statute.

43. As a proximate result thereof, plaintiffs suffered emotional distress.

44. Plaintiffs are entitled to punitive damages and the acts were malicious.

WHEREFORE, plaintiff pray for judgment against defendants, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The allegations of paragraphs 1 through 44 are realleged and incorporated herein by reference.

46. The above acts of defendants were outrageous and constitute intentional infliction of emotional distress, waking plaintiffs up at wee hours of the morning with harassing collection phone calls, etc.

47. As a proximate result thereof, plaintiffs suffered emotional distress.

48. Plaintiffs are entitled to punitive damages and the acts were malicious.

WHEREFORE, plaintiff pray for judgment against defendants, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, for each cause of action above alleged, as follows:.

1. For all consequential damages described above, including excess payments made on loans, costs etc;

2. For general damages to loss of refutation $ 12 million;

3. For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4. For special damages for plaintiff's lost income, lost benefits foregone and delayed income and diminution in income earning capacity, and related expenses in a sum according to proof;

Complaint for Damages, Injunction, Declaratory Relief
Arikat v. JP Morgan Chase

5. For an order certifying plaintiffs as a class;

6. For attorney fees under the statutes above named;

7. For punitive damages according to proof.;

8. For an injunction requiring all defendants to cease using FICO scores and to remove and delete all deleterious credit information form plaintiff's FICO scores, and to disclose to plaintiff their criteria in detail, for calculating FICO scores.

9. For cost of suit and all other appropriate relief.

DATE:  January 18, 2006

_____
Stanley G Hilton
Attorney for Plaintiffs