**E-FILED on** __6/9/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ARIKAT AND PASIMA ARIKAT,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE & CO.; LOWE'S HIW, INC.; MACY'S DEPARTMENT STORES, INC.; MBNA MARKETING SYSTEMS, INC.; MIDCOAST CREDIT CORP.; DISCOVER FINANCIAL SERVICES, INC.; HOME DEPOT U.S.A., INC.; SEARS, ROEBUCK AND CO.; WELLS FARGO FINANCIAL CALIFORNIA, INC.; FAIR ISAAC CORPORATION; TRANS UNION LLC; EQUIFAX INC.; EXPERIAN SERVICES CORP.<br><br>Defendants. | No. C-06-00330 RMW<br><br>ORDER DENYING MOTION FOR INVOLUNTARY DISMISSAL<br><br>**[Re Docket Nos. 79, 81]** |

    Defendant Fair Isaac Corporation ("Fair Isaac") seeks involuntary dismissal of plaintiffs' complaint for failure to comply with court order pursuant to Fed. R. Civ. P. 41(b). Defendants Lowe's HIW, Inc. ("Lowe's) and Macy's Department Stores, Inc. ("Macy's) join in the motion. On

ORDER DENYING MOTION FOR INVOLUNTARY DISMISSAL
C-06-00330 RMW
SPT

April 28, 2006 the court heard oral argument on Fair Isaac, Lowe's, and Macy's motions to dismiss plaintiffs' complaint for failure to state a claim. On May 3, 2006 the court issued an order granting defendants' motions to dismiss. The court granted Fair Isaac's motion to dismiss with prejudice except as to plaintiffs' first cause of action. The court granted Macy's and Lowe's motion to dismiss with prejudice as to plaintiffs' second cause of action. Plaintiffs were given twenty (20) days leave to amend.[1] Plaintiffs filed their amended complaint on May 30, 2006, seven days late.

Fed. R. Civ. P. 41(b) provides in relevant part "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." In the Ninth Circuit, involuntary dismissal under Fed. R. Civ. P. 41(b) may be proper where a plaintiff, given the opportunity to amend or be dismissed, does nothing. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004). In *Edwards*, the Ninth Circuit noted that where a plaintiff is given "the opportunity to amend or be dismissed [and does] nothing[,] . . . resources continue to be consumed by a case sitting idly on the court's docket." *Id.* The district court must consider five factors in determining whether to dismiss a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Id.*

As in both *Yourish* and *Edwards*, the public's interest in expeditious resolution of litigation and the court's need to manage its docket support dismissal where, as here, following a finding of failure to state a claim plaintiffs are given an opportunity to amend but fail to amend within the allotted time. In *Yourish*, the Ninth Circuit agreed with the district court's finding that "[p]laintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing [p]laintiffs to control the pace of the docket rather than the [c]ourt" and held "the public's interest in expeditious resolution of litigation always favors dismissal." *Id.* On the other hand, the public policy favoring

---

[1] The twenty days were from the date of the court's written order, which meant plaintiffs' amended complaint was to be filed by May 23, 2006.

ORDER DENYING MOTION FOR INVOLUNTARY DISMISSAL
C-06-00330 RMW
SPT                                                                 2

disposition of cases on their merits weighs against dismissal. Here, plaintiffs' counsel did not move to enlarge time or otherwise notify the court or opposing counsel of the reasons why an amended complaint was not filed by the date ordered by the court. Clearly, plaintiffs' disregard of the Local Rules as well as the courtesies due opposing counsel and the court was inappropriate.[2] Nevertheless, the court does not find that the delay presents prejudice to defendants warranting dismissal. This is plaintiffs' first amendment to the complaint and, at this early stage in the litigation, the court concludes that there are less drastic alternatives than dismissal. Plaintiffs are advised in future to refer to and follow the applicable Local Rules if they are unable to meet filing deadlines.

**ORDER**

For the foregoing reasons, the court DENIES defendants' motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b).

DATED:     6/8/06                                  *Ronald M Whyte*
                                                    RONALD M. WHYTE
                                                    United States District Judge

---

[2] The court notes that plaintiffs had also filed their oppositions to Fair Isaac, Macy's, and Lowe's motions to dismiss ten days late.

ORDER DENYING MOTION FOR INVOLUNTARY DISMISSAL
C-06-00330 RMW
SPT                                                  3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Stanley Hilton          FROG727@AOL.COM

**Counsel for Defendants:**

| | |
|---|---|
| Deborah Barack | dbarack@stroock.com |
| Albert Finch | tfinch@eakdl.com |
| Martin L. Fineman | edithshertz@dwt.com |
| Brian C. Frontino | bfrontino@stroock.com |
| Deanna L. Johnston | dljohnston@jonesday.com |
| James R. McGuire | jmcguire@mofo.com |
| Stacy Marie Monahan | smonahan@jonesday.com |
| Andrew W. Moritz | Amoritz@Stroock.com |
| Stephen Michael Rummage | steverummage@dwt.com |
| William L. Stern | wstern@mofo.com |
| Darya V. Swingle | daryaswingle@dwt.com |
| Michele Kathleen Trausch | mtrausch@hansonbridgett.com |
| Julia H. Veit | jveit@hansonbridgett.com |
| Chris Jacob Young | cyoung@mofo.com |
| Felicia Yu | fyu@reedsmith.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     6/9/06                              SPT
                                      **Chambers of Judge Whyte**

ORDER DENYING MOTION FOR INVOLUNTARY DISMISSAL
C-06-00330 RMW
SPT                                               4