**E-FILED on**   10/30/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ARIKAT AND PASIMA ARIKAT,<br><br>        Plaintiffs,<br><br>    v.<br><br>JP MORGAN CHASE & CO.; LOWE'S HIW, INC.; MACY'S DEPARTMENT STORES, INC.; MBNA MARKETING SYSTEMS, INC.; MIDCOAST CREDIT CORP.; DISCOVER FINANCIAL SERVICES, INC.; HOME DEPOT U.S.A., INC.; SEARS, ROEBUCK AND CO.; WELLS FARGO FINANCIAL CALIFORNIA, INC.; FAIR ISAAC CORPORATION; TRANS UNION LLC; EQUIFAX INC.; EXPERIAN SERVICES CORP.<br><br>        Defendants. | No. C-06-00330 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT<br><br>**[Re Docket Nos. 85, 87, 94, 97, 123]** |

      Defendants Discover Financial Services, Inc. ("Discover"), Fair Isaac Corporation ("Fair Isaac"), and Trans Union LLC ("Trans Union") separately filed motions to dismiss plaintiffs' First Amended Complaint ("FAC"). Defendants Macy's Department Stores, Inc. ("Macy's") and Lowe's HIW, Inc. ("Lowe's") filed a joint motion to dismiss and defendants Sears, Roebuck and Co. ("Sears") and Home Depot U.S.A. ("Home Depot") also filed a joint motion to dismiss. Defendants' move for dismissal for failure to state a claim. Defendant Discover also moves in the alternative for

a more definite statement. Plaintiffs Michael and Pasima Arikat (collectively "plaintiffs") filed written opposition to defendants' motions, but conceded at the hearing on the motions on October 6, 2006 that they were not pressing certain claims. The court has reviewed the parties' papers and considered their arguments. For the reasons set forth below, the court GRANTS defendants' motions to dismiss as follows:

1. The first claim for relief for credit libel against Fair Isaac is dismissed with prejudice;
2. The first claim for relief against Trans Union, Equifax, and Experian is dismissed;
3. The second, third, fourth, fifth, sixth, and seventh claims for relief against Trans Union, Equifax, and Experian are dismissed with prejudice;
4. The first claim for relief against Macy's, Lowe's, Sears, Home Depot, and Discover is dismissed;
5. The third, fourth, fifth, sixth, and seventh claims for relief against Macy's and Lowe's are dismissed with prejudice;
6. The second, third, fourth, fifth, sixth, and seventh claims for relief against Sears, Home Depot and Discover are dismissed with prejudice;
7. Plaintiffs have twenty calendar days from the date of this order to amend those claims not dismissed with prejudice; and
8. The court finds that the ADR process will not be fruitful until the pleadings are resolved and the parties are to so advise the ADR administrator.[1]

## I. BACKGROUND

The facts of this action are set forth in the court's May 3, 2006 Order Granting Discover's, Fair Isaac's, and Macy's and Lowe's Motions to Dismiss ("May 3, 2006 Order") and will not be repeated here except as needed. Plaintiffs' complaint alleged seven claims for relief: (1) credit libel, (2) breach of contract, (3) fraud, (4) violation of the Federal Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681 *et seq.*, (5) violation of the Federal Equal Credit Opportunity Act ("ECOA") under 15 U.S.C. § 1691 *et seq.*, (6) violation of California's Rosenthal Fair Debt Collection Practices

---

[1] To ensure the case moves forward the court has reset a further case management conference for December 15, 2006 at 10:30 a.m.

Act ("CFDCPA") under Cal. Civ. Code § 1788 *et seq.*,[2] and (7) intentional infliction of emotional distress. Plaintiffs also contend that defendants were agents and employees of each other acting within the scope and course of such agency and employment in carrying out the alleged violations.

The court's May 3, 2006 Order dismissed plaintiff's second, third, fourth, fifth, sixth, and seventh claims for relief against Fair Isaac with prejudice and plaintiff's second claim for relief against Macy's and Lowe's with prejudice. All other claims for relief were dismissed with leave to amend because plaintiffs' allegations were insufficient to state a claim.

## II.  ANALYSIS

### A.    Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The court's review is limited to the face of the complaint, documents referenced in the complaint, and matters for which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). However, the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

---

[2] It appears that plaintiffs' complaint includes a claim under the CFDCPA but not under the federal counterpart, the Fair Debt Collection Practices Act ("FDCPA").

**B.    Motions to Dismiss**

**1.    Credit Libel, Slander, and Libel Per Se**

The court's May 3, 2006 Order dismissed plaintiffs' first claim for relief for credit libel, slander, and libel per se because plaintiffs' allegations were insufficient.  Specifically, the court noted that plaintiffs' allegations were ascribed to defendants collectively rather than to individual defendants.  *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding that where allegations are made against multiple defendants, "plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them").  Plaintiffs' amended complaint continues to ascribe conduct to defendants collectively.  *See, e.g.*, AC ¶¶ 5, 8,13.  Therefore, it is similarly insufficient.

Plaintiffs' original complaint did not identify the particular libelous statements made, who made the statements, or the falsity of any statements made.  Plaintiffs' amended complaint does add allegations that (1) "Fair Isaac stated that the plaintiffs were late in paying their debts when in fact the debts were not legitimate debts and therefore plaintiffs were not late and plaintiffs should not have been defamed in this way," AC ¶ 9, and (2) "Macy's and Lowe's stated that the plaintiffs were late in paying their debts when in fact the debts were not legitimate debts and therefore plaintiffs were not late and plaintiffs should not have been defamed in this way." AC ¶ 10.  Plaintiffs' amended complaint also re-alleges that (1) "Fair Isaac, Trans Union, Experian and Equifax have used arbitrary and undisclosed criteria to brand plaintiffs un-creditworthy, by giving them a low FICO score, while other far less credit-worthy persons have been given high FICO scores and been allowed higher credit ratings," (2) "Fair Isaac, Experian, Trans Union and Equifax have repeatedly published and broadcast false and defamatory, and misleading credit information about plaintiffs, including multiple reports of the same debt," and (3) "Trans Union, Equifax and Experian are the three major credit bureaus in the country who routinely collect certain selective data from certain selective creditors, or purported creditors, and who use arbitrary data—based on arbitrary and discriminatory and unknown standards promulgated by defendant Fair Isaac Corporation, to defame plaintiffs."  AC ¶ 8.  However, the new allegations in the amended complaint combined with the

repeated allegations from the original complaint fail to cure the deficiency which resulted in the dismissal of the original credit libel claim.

The court noted in its May 3, 2006 Order that libel is "a false and unprivileged publication . . ." and slander is "a false and unprivileged publication, orally uttered." Cal. Civ. Code §§ 45-46. To state a claim for either libel or slander a plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999); Cal. Civ. Code §§ 45-46. To state a claim for libel, "exact pleading of words of libel" is needed. *Okun v. Super. Ct.*, 29 Cal. 3d 442, 458 (1981). The amended complaint makes no allegations of credit libel, slander, or libel per se as to defendant Discover. Discover's motion to dismiss plaintiffs' first claim for relief is granted on this basis. The amended pleadings generally allege that Fair Isaac, Macy's, and Lowe's each "stated that the plaintiffs were late in paying their debts" but "the debts" were not legitimate. These allegations do not identify the specific "words of libel" or set forth facts giving rise to an inference of falsity of the particular alleged libelous statements at the time they were allegedly made. For these reasons, plaintiffs' first claim for relief fails to state a claim against Fair Isaac,[3] Macy's, and Lowe's. At the hearing, plaintiffs' acknowledged that the basis for their credit libel claim against Fair Isaac is not any particular statement or words of libel, but rather consists essentially of plaintiffs' contention that FICO scores do not take into consideration legitimate disputes of debt.

Plaintiffs' allegations against Trans Union are conclusory and fail to identify specific words of libel or the falsity of particular statements. For these reasons, plaintiffs' first claim for relief fails

---

[3] In addition, as the court noted in its May 3, 2006 Order, it is not disputed that Fair Isaac is a provider of statistically based credit scoring systems and does not create or issue credit reports, and plaintiffs' counsel so conceded at the hearing. *See* AC ¶ 8 (alleging that Fair Isaac promulgate standards used by the three major credit bureaus). In their opposition and at the hearing plaintiffs again contend that Fair Isaac, by promulgating "bogus" secret and arbitrary criteria for credit scoring, is liable as a conspirator with the other defendants in issuing defamatory low credit scores. Pls.' Opp. Fair Isaac's Mot. Dismiss at 1. However, as with plaintiffs' original complaint, the amended complaint does not allege a conspiracy on Fair Isaac's part. The court need only look at the allegations in plaintiffs' complaint. *Levine*, 950 F.2d at 1483; *see Gilmour v. Gates*, 382 F.3d 1312, 1313 (11th Cir. 2004) (holding that a non-moving party plaintiff cannot raise a new legal claim for the first time in response to the opposing party's summary judgment motion). Moreover, when asked by the court during the hearing to provide examples of specific libelous statements by Fair Isaac, plaintiffs pointed only to the credit scores which they concede are not issued by Fair Isaac.

to state a libel or slander claim against Trans Union. Plaintiffs make no factual allegation in support of their libel claim specifically against Home Depot and Sears; accordingly, the first claim for relief is also dismissed as to Sears and Home Depot.

### 2. Breach of Contract

The May 3, 2006 Order dismissed plaintiffs' second claim for relief for breach of contract because plaintiffs failed to allege facts indicating the existence of a contract between plaintiffs and any of the defendants. Plaintiffs' vague allegation that they entered into "various and sundry credit agreements with all named defendants, and/or their assignors" is insufficient to provide any of the defendants with fair notice of plaintiffs' claims against them. Plaintiffs' amended complaint adds no new allegations supporting a breach of contract claim. Accordingly, the allegations for this claim for relief are insufficient as against all defendants for the reasons set forth in the May 3, 2006 Order. In addition, at the hearing, plaintiffs conceded that their breach of contract claim is pursued against only Macy's, Lowe's, Sears, and Home Depot. However, plaintiffs could not offer any showing that a contract existed between plaintiffs and either Sears or Home Depot. Further, this court's May 3, 2006 Order already dismissed the second claim for relief against Macy's and Lowe's with prejudice after plaintiffs conceded in their opposition brief and at oral argument that the second claim for relief should be dismissed with prejudice against Macy's and Lowe's.[4]

### 3. Fraud

The May 3, 2006 Order dismissed plaintiffs' fraud claim because plaintiffs' allegations improperly ascribed conduct generally to all thirteen defendants. In addition, plaintiffs' allegations failed to establish the elements of a fraud claim and did not set forth averments with the specificity required by Rule 9(b). *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004); Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted). The allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1106 (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

---

[4] Oral argument for defendants' motion to dismiss plaintiffs' original complaint was held April 28, 2006 before this court.

1   The amended complaint simply re-alleges the conduct attributed to the defendants
2 collectively in the original complaint but now attributes it to Fair Isaac, Macy's, and Lowe's
3 individually.  However, merely naming the defendants individually as having all committed the
4 same general acts does not make the complaint any clearer to defendants.  The pleadings, as
5 amended, do not address the court's concern that the complaint must allege each of the required
6 elements of a fraud claim.  The complaint must set forth the who, what, when, where, and how of the
7 misconduct charged.  Plaintiffs do not allege that the representations were false when made or that
8 any defendant acted with scienter.

9   At the hearing, plaintiffs conceded that they seek to pursue the fraud claim against only
10 defendants Macy's, Lowe's, Sears, and Home Depot.  During the hearing, plaintiffs were given the
11 opportunity to explain what they could plead if given leave to amend.  Plaintiffs provided no facts
12 that demonstrated they could plead a fraud claim.  The vague and conclusory contentions made by
13 plaintiffs convince the court that fraud cannot be alleged against any of the defendants.

14   **4.   FCRA Claim**

15   Plaintiffs claim that defendants are subject to civil liability pursuant to 15 U.S.C. §§ 1681m-
16 1681o.  15 U.S.C. § 1681m sets forth the requirements of users of consumer reports to, *inter alia*,
17 give notice of adverse action taken based on credit information.  15 U.S.C. § 1681m(a).  15 U.S.C.
18 §§ 1681n and 1681o create civil liability for willful and negligent noncompliance, respectively, by a
19 consumer reporting agency, user, or furnisher of information who fails to comply with the provisions
20 of the FCRA.  15 U.S.C. §§ 1681n-1681o; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d
21 1057, 1060 (9th Cir. 2002); *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978).  The court
22 directed in the May 3, 2006 Order that to state a claim under the FCRA, plaintiffs must allege that
23 each defendant falls within the class of defendants subject to FCRA liability—that is, each defendant
24 is either a consumer reporting agency, user, or furnisher of information who fails to comply with the
25 provisions of the FCRA.

26   Plaintiffs add three paragraphs to their amended complaint in support of their FCRA claim
27 stating that defendants Discover, Macy's, and Lowe's are each consumer reporting agencies because
28 each "collect[s] information about the plaintiffs and reports that information to credit rating bureaus

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT—C-06-00330 RMW
SPT                                                                 7

such as Fair Isaac." Plaintiffs allege that defendants violated the FCRA by "negligently reporting information to credit bureaus that was false and that they knew to be false," and that "the false information was that plaintiffs did not pay their bills and charges in a timely way when the defendant[s] knew that the bills were disputed and plaintiffs were not liable for those bills." *See* AC ¶¶ 34-36. As set forth in the May 3, 2006 Order, the term "consumer reporting agency" means:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

      Plaintiffs' allegations are conclusory, containing few, if any, facts upon which the court can draw inferences supporting a claim under the FCRA. As Discover, Macy's, and Lowe's argue, plaintiffs' allegations that each defendant collects information about plaintiffs and reports that information to consumer reporting agencies do not suffice to establish that each is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). For example, there are no factual allegations that support an inference that any of these defendants "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information" or furnishes consumer reports to third parties. Further, plaintiffs' arguments in opposition fail to point the court to any factual allegations in the amended complaint that support a claim that Macy's, Lowe's, or Discover is a consumer reporting agency. Even assuming defendants are consumer reporting agencies, plaintiffs' allegations do not set forth facts supporting how defendants have violated any of the particular requirements of the FCRA. As in their amended complaint, plaintiffs' arguments in opposition treat defendants as a collective whole.

      Plaintiffs do not make any specific allegation that Trans Union, Sears, or Home Depot is a consumer reporting agency, furnisher, or user under the FCRA. Plaintiffs' allegation that Trans Union, Equifax, and Experian "are the three major credit bureaus in the country" alone is insufficient to state an FCRA claim against Trans Union. Plaintiffs also do not make factual allegations as to which particular provisions of the FCRA have been violated by Trans Union, Sears, or Home Depot. Plaintiffs' continued reliance upon allegations that attribute conduct to all defendants generally is not

sufficient to support their claim against any particular defendant.

Further, at the hearing, plaintiffs conceded that they seek to pursue their FCRA claim against only Macy's, Lowe's, Discover, Sears, and Home Depot. However, plaintiffs could not state any facts that would support that these defendants are "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f). Although not in the FAC, plaintiffs' oppositions to the motions to dismiss appear to argue that defendants might be furnishers under the FCRA. However, as the court noted in its May 3, 2006 Order, a furnisher under the FCRA is subject to civil suit *only* if it does not respond to a formal notice of a consumer dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). Plaintiffs were given an opportunity at the hearing to set forth what facts they could allege in support of an FCRA claim if given leave to amend. Plaintiffs' explanations of what they could plead do not suggest that an FCRA claim could be stated under either the theory that defendants are consumer reporting agencies or the theory that defendants are furnishers under the FCRA.

### 5. ECOA Claim

The May 3, 2006 order determined, *inter alia*, that plaintiffs' complaint contains no factual allegations that plaintiffs were discriminated against based on any of the bases enumerated in 15 U.S.C. § 1691. In amending their complaint, plaintiffs add that they "were denied credit by defendants on the basis of racial discrimination and discrimination on the basis of national origin." AC ¶ 44. Plaintiffs' amendment fails to address the court's May 3, 2006 order that, *inter alia*, conclusory allegations are insufficient to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss and that pleadings which merely ascribe conduct to all defendants collectively without setting forth the factual basis of the claim against each defendant are insufficient. In addition, when asked at the hearing which claims plaintiffs seek to pursue against defendants in an amended complaint, plaintiffs did not seek to pursue their ECOA claim against any of the defendants.

### 6. CFDCPA Claim

Defendants also move to dismiss plaintiffs' sixth claim for relief alleging violations under the CFDCPA. Plaintiffs' CFDCPA claim in the original complaint was dismissed for two reasons. First, plaintiffs made no allegations than any of the defendants is a "debt collector" within the meaning of

the CFDCPA. Second, even if plaintiff's allegations were viewed in the light most favorable to them, they are too vague to give rise to any inference that a specific defendant violated the CFDCPA. Plaintiffs' amended complaint adds two allegations: (1) "The defendants, including but not limited to Discover, Macy's and Lowe's, are 'debt collectors' within the meaning of the California Fair Debt Collection Practices Act," AC ¶ 51, and (2) "Some or all of the defendants were responsible for these harassing debt collection practices which led to the damages of plaintiffs." AC ¶ 53.[5] These allegations are wholly conclusory and devoid of factual support. They fail to cure the deficiencies noted in the May 3, 2006 Order. In addition, when asked at the hearing which claims plaintiffs seek to pursue against defendants in an amended complaint, plaintiffs did not seek to pursue their CFDCPA claim against any of the defendants.

### 7. Intentional Infliction of Emotional Distress

The May 3, 2006 Order dismissed plaintiffs' claim of intentional infliction of emotional distress because plaintiffs did not alleged outrageous conduct on the part of the defendants. The court noted that even if plaintiffs' conclusory allegations of conduct on the part of all defendants collectively were attributed to each defendant individually, plaintiffs fail to allege that they suffered emotional distress of the requisite severity or that any of defendants' alleged conduct was the actual and proximate cause of that distress. Plaintiffs' amended complaint adds two paragraphs to their intentional infliction of emotional distress claim. AC ¶¶ 57-58. However, these additional paragraphs do no more than repeat the general allegations found in the rest of the amended complaint. Plaintiffs re-allege that defendants collectively committed fraud, breached contracts, denied credit based on national origin, and libeled plaintiffs. AC ¶ 57. Therefore, plaintiffs have failed to state a claim of intentional infliction of emotional distress against any of the defendants for the same reasons set forth in the May 3, 2006 Order. In addition, when asked at the hearing which claims plaintiffs seek to pursue against defendants in an amended complaint, plaintiffs did not seek to pursue their intentional infliction of emotional distress claim against any of the defendants.

---

[5] At the April 28, 2006 hearing on defendants' motions to dismiss the original complaint, plaintiffs' counsel represented that Macy's and Lowe's were involved at least in credit collection activities, including making collection calls to plaintiffs, with respect to plaintiffs' Macy's and Lowe's-branded credit cards, which plaintiffs would allege if granted leave to amend their complaint. There are no such allegations in the amended complaint.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT—C-06-00330 RMW
SPT                                                                 10

## III.  ORDER

For the foregoing reasons, the court GRANTS defendants' motions to dismiss as follows[6]:

1. The first claim for relief for credit libel against Fair Isaac is dismissed with prejudice;
2. The first claim for relief against Trans Union, Equifax, and Experian is dismissed;
3. The second, third, fourth, fifth, sixth, and seventh claims for relief against Trans Union, Equifax, and Experian are dismissed with prejudice;
4. The first claim for relief against Macy's, Lowe's, Sears, Home Depot, and Discover is dismissed;
5. The third, fourth, fifth, sixth, and seventh claims for relief against Macy's and Lowe's are dismissed with prejudice;
6. The second, third, fourth, fifth, sixth, and seventh claims for relief against Sears, Home Depot, and Discover are dismissed with prejudice;
7. Plaintiffs have twenty calendar days from the date of this order to amend those claims not dismissed with prejudice; and
8. The court finds that the ADR process will not be fruitful until the pleadings are resolved and the parties are to so advise the ADR administrator.

DATED:     10/27/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[6] Because the court has granted defendants' motions to dismiss, Discover's Fed. R. Civ. P. 12(e) motion is moot.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Stanley Hilton          FROG727@AOL.COM

**Counsel for Defendants:**

| | |
|---|---|
| Deborah Barack | dbarack@stroock.com |
| Albert Finch | tfinch@eakdl.com |
| Martin L. Fineman | edithshertz@dwt.com |
| Brian C. Frontino | bfrontino@stroock.com |
| Deanna L. Johnston | dljohnston@jonesday.com |
| James R. McGuire | jmcguire@mofo.com |
| Stacy Marie Monahan | smonahan@jonesday.com |
| Andrew W. Moritz | Amoritz@Stroock.com |
| Stephen Michael Rummage | steverummage@dwt.com |
| William L. Stern | wstern@mofo.com |
| Darya V. Swingle | daryaswingle@dwt.com |
| Michele Kathleen Trausch | mtrausch@hansonbridgett.com |
| Julia H. Veit | jveit@hansonbridgett.com |
| Chris Jacob Young | cyoung@mofo.com |
| Felicia Yu | fyu@reedsmith.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     10/30/06                              SPT
                                                    **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT—C-06-00330 RMW SPT
12