1
2
3                                                           **E-FILED on**   1/17/07
4
5
6
7                      IN THE UNITED STATES DISTRICT COURT
8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                                  SAN JOSE DIVISION
10

| | |
|---|---|
| MICHAEL ARIKAT AND PASIMA ARIKAT,<br><br>                Plaintiffs,<br><br>        v.<br><br>JP MORGAN CHASE & CO.; LOWE'S HIW, INC.; MACY'S DEPARTMENT STORES, INC.; MBNA MARKETING SYSTEMS, INC.; MIDCOAST CREDIT CORP.; DISCOVER FINANCIAL SERVICES, INC.; HOME DEPOT U.S.A., INC.; SEARS, ROEBUCK AND CO.; WELLS FARGO FINANCIAL CALIFORNIA, INC.; FAIR ISAAC CORPORATION; TRANS UNION LLC; EQUIFAX INC.; EXPERIAN SERVICES CORP.<br><br>                Defendants. | No. C-06-00330 RMW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**[Re Docket Nos. 141, 144, 145, 146, 147]** |

   Defendant Trans Union LLC ("Trans Union") has filed a motion to dismiss plaintiffs'
remaining claims with prejudice pursuant to Fed. R. Civ. P. 41(b), with a hearing noticed for Friday,
January 5, 2007 at 9:00 a.m.  Defendants Lowe's HIW, Inc.; Macy's Department Stores, Inc.;
Experian Services Corp.; Home Depot U.S.A., Inc.; Sears, Roebuck and Co.; Discover Financial

Services, Inc.; and Equifax Inc. join in Trans Union's motion.[1] Plaintiffs did not file written opposition. The court held the hearing on the motion on January 5, 2007 at 9:00 a.m. Plaintiffs did not appear for the hearing. The court has read the papers submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Trans Union's motion to dismiss. Plaintiffs' action is dismissed with prejudice.

## I. BACKGROUND

This court has twice granted motions to dismiss plaintiffs' complaint for failure to state a claim. The underlying allegations of plaintiffs' complaint have been discussed in this court's previous orders and will not be repeated here. On October 30, 2006 the court granted defendants' motions to dismiss plaintiffs' First Amended Complaint with twenty days' leave to amend plaintiffs' remaining claims. *See* Order Granting Defendants' Motion to Dismiss First Amended Complaint ("October 30, 2006 Order"). Plaintiffs did not file an amended complaint within the provided time (by November 19, 2006), and have not to date filed an amended complaint. On January 3, 2007 plaintiffs filed an *ex parte* request for additional time to file an amended complaint which this court denied.

## II. ANALYSIS

Trans Union argues that dismissal of plaintiffs' claims with prejudice is warranted pursuant to Fed. R. Civ. P. 41(b) because plaintiffs have, *inter alia*, failed to file an amended complaint within the court set deadline, previously missed other court deadlines, and previously failed to comply with court orders.[2] In addition, defendants assert that plaintiffs have been non-responsive to defendants' attempts to contact them, including Trans Union's November 27, 2006 attempt to contact plaintiffs regarding Trans Union's present motion. *See* Decl. of Deborah E. Barack Supp. Mot. Dismiss ¶¶ 2, 5, 6, 8.

---

[1] For purposes of this order "defendants" shall refer to Trans Union and the defendants joining in this motion. Plaintiffs' claims against defendant Fair Isaac Corporation were dismissed with prejudice in this court's October 30, 2006 Order.

[2] This court previously denied a Fed. R. Civ. P. 41(b) motion filed by defendants after plaintiffs failed to file a timely amended complaint following the dismissal of plaintiffs' original complaint. *See* June 8, 2006 Order Denying Motion for Involuntary Dismissal. In that order the court advised plaintiff: "in future to refer to and follow the applicable Local Rules if they are unable to meet filing deadlines."

1    Fed. R. Civ. P. 41(b) provides in relevant part "[f]or failure of the plaintiff to prosecute or to
2 comply with these rules or any order of court, a defendant may move for dismissal of an action or of
3 any claim against the defendant."  In the Ninth Circuit, involuntary dismissal under Fed. R. Civ. P.
4 41(b) may be proper where a plaintiff, given the opportunity to amend or be dismissed, does
5 nothing.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004).  In *Edwards*, the Ninth
6 Circuit noted that where a plaintiff is given "the opportunity to amend or be dismissed [and does]
7 nothing[,] . . . resources continue to be consumed by a case sitting idly on the court's docket."  *Id.*
8 The district court must consider five factors in determining whether to dismiss a case under Rule
9 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage
10 its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
11 cases on their merits; and (5) the availability of less drastic alternatives."  *Yourish v. Cal. Amplifier*,
12 191 F.3d 983, 990 (9th Cir. 1999).  The Ninth Circuit "may affirm a dismissal where at least four
13 factors support dismissal, or where at least three factors 'strongly' support dismissal."  *Id.*
14    At this juncture in the litigation, plaintiffs have been given opportunities to amend their
15 complaint to state a claim against defendants.  On October 30, 2006, plaintiffs were given twenty
16 days' leave to amend but, as of the date of this order—more than sixty days later—no amended
17 complaint has yet been filed.  As in both *Yourish* and *Edwards*, the public's interest in expeditious
18 resolution of litigation and the court's need to manage its docket support dismissal where, as here,
19 following a finding of failure to state a claim plaintiffs are given an opportunity to amend but fail to
20 amend within the allotted time.  In *Yourish*, the Ninth Circuit agreed with the district court's finding
21 that "[p]laintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing
22 [p]laintiffs to control the pace of the docket rather than the [c]ourt" and held "the public's interest in
23 expeditious resolution of litigation always favors dismissal."  *Id.*
24    Moreover, despite the court's previous admonishments that plaintiffs adhere to Civil Local
25 Rules or to otherwise notify the court or opposing counsel if plaintiffs are unable to meet court
26 deadlines, plaintiffs have continued to fail to do so.  Defendants note that plaintiffs have continued
27 to be non-responsive.  The court finds that plaintiffs' continued delay in filing an amended complaint
28 and continued non-responsiveness are prejudicial to defendants.

Finally, although public policy favors disposition of cases on their merits, here, this policy does not weigh significantly in favor of plaintiffs. Several of plaintiffs' claims have been previously dismissed with prejudice by the court after the court found the claims without merit or plaintiffs agreed that they did not intend to pursue the claims. Plaintiffs have consistently failed to file timely papers despite warnings by the court to follow the Local Rules. Although dismissal with prejudice is a harsh sanction, anything less in this case would essentially be an acknowledgment that court rules and orders need not be followed. This would be unfair to defendants who have followed the rules, defeat the public's interest in expeditious resolution of litigation, and risk prejudice to defendants.

### III. ORDER

For the foregoing reasons, the court grants Trans Union's motion to dismiss. Plaintiffs' action is dismissed with prejudice.

DATED:      1/9/07                                    *Ronald M. Whyte*
                                                      RONALD M. WHYTE
                                                      United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Stanley Hilton          FROG727@AOL.COM

**Counsel for Defendants:**

| | |
|---|---|
| Deborah Barack | dbarack@stroock.com |
| Albert Finch | tfinch@eakdl.com |
| Martin L. Fineman | edithshertz@dwt.com |
| Brian C. Frontino | bfrontino@stroock.com |
| Deanna L. Johnston | dljohnston@jonesday.com |
| James R. McGuire | jmcguire@mofo.com |
| Stacy Marie Monahan | smonahan@jonesday.com |
| Andrew W. Moritz | Amoritz@Stroock.com |
| Stephen Michael Rummage | steverummage@dwt.com |
| William L. Stern | wstern@mofo.com |
| Darya V. Swingle | daryaswingle@dwt.com |
| Michele Kathleen Trausch | mtrausch@hansonbridgett.com |
| Julia H. Veit | jveit@hansonbridgett.com |
| Chris Jacob Young | cyoung@mofo.com |
| Felicia Yu | fyu@reedsmith.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   1/17/07                                SPT
                                                    **Chambers of Judge Whyte**